GLENN M. CLARK # 91371
MILLER, CLARK, CALVERT & OBENOUR
2222 Martin Luther King Jr. Way
Berkeley, California 94704
(510) 848-7200 FAX (510) 848-3500
email mccoattys@hotmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIA B. GONZALES | Civil No. C-14-00489 VC |
| Plaintiff, | STIPULATION AND ORDER FOR AWARD OF ATTORNEY'S PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. 2412 (d), |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412 (d), in the amount of SEVEN THOUSAND ($7,000.00), and costs under 28 U.S.C 1920 in the amount of FOUR HUNDRED DOLLARS ($400.00).  These amounts represents costs and compensation for all legal services rendered on behalf of Plaintiff by Counsel in connection with this civil action, in accordance with 28 U.S.C 2412(d) and 1920.

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of assignment of EAJA fees to Plaintiff's Counsel.  The retainer agreement containing

ORDER RE EAJA FEES C-14-00489 VC  - 1 -

the assignment is attached as exhibit 1.  Pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's Counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's Counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, expenses, and costs, and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff or Plaintiff's Counsel may have relating to EAJA attorney fees and expenses and costs in connection with this action.

Plaintiff's Counsel does not intend to seek Social Security Act attorney fees under 42 U.S.C 406 for services performed in United States District Court.

Respectfully submitted,

Dated: February 17, 2015         /s/ Glenn M. Clark
                                 GLENN M. CLARK
                                 Attorney for Plaintiff

ORDER RE EAJA FEES C-14-00489 VC - 2 -

```
 1  Dated: February 17, 2015        MELINDA L. HAAG
                                    United States Attorney
 2                                  DONNA L. CALVERT
                                    Regional Chief Counsel, Region IX
 3                                  Social Security Administration

 4
                              By    /s/ Patrick William Snyder
 5                                  PATRICK WILLIAM SNYDER
                                    Special Assistant U.S. Attorney
 6                                  [as authorized by email]

 7                                  Attorneys for Defendant

 8

 9      APPROVED AND SO ORDERED:

10

11

12  Dated: February 18, 2015        _____
                                    VINCE CHHABRIA
13                                  United States District Judge
```